UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PRIVILEGE UNDERWRITERS
RECIPROCAL EXCHANGE,                                                                     Plaintiff,

v.                                                                   Civil Action No. 3:16-cv-426-DJH

RESEARCH PRODUCTS CORPORATION,                                Defendant.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Privilege Underwriters Reciprocal Exchange seeks remand of this subrogation action to Jefferson Circuit Court. (Docket No. 7) Because Defendant Research Products Corporation has failed to show that the Court possesses subject matter jurisdiction, the motion to remand will be granted.

## **I. BACKGROUND**

Plaintiff filed this action in state court as subrogee of Alan and Angela Jones. (D.N. 1-1, PageID # 5) Plaintiff insured the Joneses' real and personal property, which was damaged by fire in January 2016. (*Id.*, PageID # 6–7) Defendant designs, manufactures, distributes, and sells electronic air cleaners known as Aprilaire. (*Id.*, PageID # 6) The Joneses' home featured an Aprilaire that Plaintiff alleges caused the fire. (*Id.*, PageID # 7)

Plaintiff is a member-owned, unincorporated association established and based in Florida that acts as a reciprocal insurance exchange. (*Id.*, PageID # 5) A reciprocal insurance exchange is an unincorporated association of members, known as subscribers, who are both insurers and insureds. *See Themis Lodging Corp. v. Erie Ins. Exch.*, No. 1:10 CV 0003, 2010 WL 2817251, at \*1 (N.D. Ohio July 16, 2010).

Defendant removed this action pursuant to 28 U.S.C. § 1332(a)(1), alleging that complete diversity exists between the parties and the amount in controversy exceeds $75,000. (D.N. 1, PageID # 2) Defendant is a corporation organized and existing under the laws of Wisconsin with its principal place of business in Wisconsin. (*Id.*) Defendant's notice of removal asserts that "[u]pon information and belief, there exists no known member or owner of the Plaintiff who is a legal resident of the State of Wisconsin." (*Id.*)

## II. STANDARD

"When considering a motion to remand, the Court must examine whether the case was properly removed to federal court." *Graves v. Standard Ins. Co.*, 66 F. Supp. 3d 920, 922 (W.D. Ky. 2014) (internal quotations omitted). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, the removing party has the burden of establishing federal jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Because Defendant removed this action based on diversity jurisdiction, it must show by a preponderance of the evidence that (1) the action is between citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006). Failure to satisfy either of these requirements defeats diversity jurisdiction. Here, the relevant question is whether Defendant has properly established that the parties are diverse.

## III. DISCUSSION

Generally, in a case removed to federal court, "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Int'l*, 392 F.3d 195, 210 (6th Cir. 2006). Here, the complaint states that

Privilege Underwriters is an unincorporated association and acts as a reciprocal insurance exchange. (D.N. 1-1, PageID # 5) However, the complaint does not indicate the citizenship of each member or assert that it has a Wisconsin member. This deficiency is significant because unincorporated associations bear the citizenship of their members. *Carden v. Aroma Assoc.*, 494 U.S. 185, 195–96 (1990). Further, while the Sixth Circuit Court of Appeals has not addressed this issue, many district courts within the Sixth Circuit agree that "[c]ourts have long recognized that reciprocal exchange associations . . . bear the citizenship of each member." *See, e.g.*, *Hollins v. Farmers Ins. Exch.*, No. 3:13-01026, 2014 WL 1922757, at *1 (M.D. Tenn. May 14, 2014); *see also Hartfield v. Farmers Ins. Exch.*, No. 11-13719, 2013 WL 136235, at *3 (E.D. Mich. Jan. 10, 2013); *Themis Lodging Corp.*, 2010 WL 2817251 at *1; *Brown v. Farmers Ins. Co.*, No. 06-13693, 2007 WL 496669, at *3 (E.D. Mich. Feb. 13, 2007).

In its motion to remand, Plaintiff asserts that its membership includes citizens of Wisconsin. (D.N. 7, PageID # 29) It submits an affidavit from Gary Stephen, Executive Vice President of Claims and Risk Management for Privilege Underwriters, who attests that "[o]n the date of the loss in this case, the date of filing of the Complaint for this case, and on an on-going and continuous basis through today, [Privilege Underwriters] has members that are citizens of the State of Wisconsin." (D.N. 7-2, PageID # 39)

This case is similar to *Brown v. Farmers Ins. Co.*, in which the Eastern District of Michigan granted the defendant's motion to dismiss for lack of subject matter jurisdiction. *See* 2007 WL 496669 at *1. *Brown* concerned a dispute over how the plaintiff's insurer, Fire Insurance Exchange, should pay the remaining proceeds after the plaintiff filed a fire loss claim. *Id.* Like Privilege Underwriters, Fire Insurance Exchange was a reciprocal insurance exchange. *Id.* at *2. Fire Insurance Exchange asserted that, as an unincorporated association, it had

members who were citizens of Michigan. *Id.* Fire Insurance Exchange submitted a sworn affidavit from its Assistant Secretary, who attested to the fact that Fire Insurance Exchange had Michigan members. *Id.* The court found this affidavit to be sufficient evidence that Fire Insurance Exchange had a Michigan member. *Id.* at *3. Because the plaintiff was also a citizen of Michigan, the court determined that there was no diversity and thus no subject matter jurisdiction. *Id.*

"The district court has 'wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Cmty. Ins. Co. v. Rowe*, 85 F. Supp. 2d 800, 804 (quoting *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). At the very least, the affidavit submitted by Plaintiff creates some doubt as to whether subject matter jurisdiction exists. Any doubt as to the propriety of removal must be resolved in favor of remand. *Coyne*, 183 F.3d at 493. Defendant asserts that the affidavit is insufficient and Plaintiff must prove that it is in fact an unincorporated association as well as identify at least one member from Wisconsin. (D.N. 8, PageID # 42–43) But the burden to establish subject matter jurisdiction rests with the party seeking removal. *See Coyne*, 183 at 493. In the absence of contrary proof, the Court must presume that it lacks subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377.

Defendants also argue that even if there is a Wisconsin member, its citizenship must be ignored because that Wisconsin member has no connection to the case and is not a real party in interest. (D.N. 15, PageID # 68–69) This argument ignores established law that unincorporated associations and reciprocal insurance exchanges bear the citizenship of their members. *See Carden*, 494 U.S. at 195–96; *Hollins*, 2014 WL 1922757 at *1; *Hartfield*, 2013 WL 136235 at *3; *Themis Lodging Corp.*, 2010 WL 2817251 at *1; *Brown*, 2007 WL 496669 at *3. Privilege

4

Underwriters is an unincorporated association with a Wisconsin member that acts as a reciprocal insurance exchange. (D.N. 1-1, PageID # 5; D.N. 7, PageID # 28–29) Further, Privilege Underwriters is a real party in interest because as subrogee of the Joneses, it is entitled to enforce the right for which it is suing. *See Certain Interested Underwriters at Lloyds London England v. Layne*, 26 F.3d 39, 42–43 (6th Cir. 1994) ("[T]he real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law."); *Wine v. Globe Am. Cas. Co.*, 917 S.W.2d 558, 561 (Ky. 1996) (discussing subrogation under Kentucky law and recognizing the right of the insurer to be placed in the position of its insured in order to pursue recovery for payments made to the insured). Defendant's arguments are unavailing, and the motion to remand will be granted.

## IV. CONCLUSION

The Court concludes that it lacks subject matter jurisdiction. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Plaintiff's motion for remand (D.N. 7) is **GRANTED**. This action is **REMANDED** to Jefferson Circuit Court in accordance with 28 U.S.C. 1447(c) and is **STRICKEN** from the Court's docket.

February 14, 2017

**David J. Hale, Judge**
**United States District Court**